Lipscomb, J.
The first error assigned that will be examined is the admission of the testimony objected to by"the plaintiff. There may some question arise on the settlement of the succession of Bembrant, whether the headright taken out by his widow in her own name should not, in part at least, inure to the benefit of his heirs; but between her and any other person not claiming as his heir or creditor it surely cannot he brought in controversy. It is not noticed at all in the charge of the court to the jury, nor is it certain that it had any influence on their verdict, but its object was to impeach the validity of her title, and may have had an influence on the minds of the jury in the verdict returned by them. For this reason we believe that the judgment ought to be reversed.
Another ground assigned by the appellant for asking a reversal of the judgment is that the court erred in overruling the motion for a new trial. It is alleged by tbe counsel for the appellant that the verdict is contrary to the evidence. The proof was explicit without any contradition that the plaintiff had been in the actual possession of the land claimed by her more than five years under the location of her headright before she was turned out; that is, before her tenant was turned out under ttie writ of possession at the suit of *131 Lane against Bose. There was no proof that she was either a' party or privy to that'suit; consequently she could not he prejudiced by the judgment in that case, and it could furnish no defense to the sheriff and those acting- with him. Tlie proceedings under the judgment were as to her void. Her possession under her headright location and survey was long- enough to give her a right to the extent of her claim of title by prescription against the elder title of Lane; and if lie has lost his title to that amount, it may he ascribed to his own snpineness in not asserting- it sooner.
Again, if the evidence of Dr. Taylor is understood correctly, the title of Lane did not cover the whole of the plaintiff’s headright, and she was certainly entitled to a judgment in her favor for the part so left out of Lane’s survey. If she had been a party or privy to the suit in Bowie county brought by Lane against Bose, the writ of possession could not have authorized Lane to take possession beyond the limits of his survey; and if he had done so, the sheriff and Lane would both have been trespassers. The verdict was then contrary to the evidence, and ought to have been set aside and a new trial awarded. We believe, therefore, that the court below erred in the admission of the evidence to show that the plaintiff was not entitled to the headright certificate in her own name, under which she claimed, and that the court also erred in overruling the motion for a new trial. The judgment is reversed, and the cause remanded for a new trial.
Judgment reversed.